PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LOWRY, | ) | CASE NO. 4:11CV02259 |
| Plaintiff, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| LEGALZOOM.COM, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF No. 4) |

Before the Court is Defendant LegalZoom's ("Defendant" or "LegalZoom") Motion to Dismiss Plaintiff Christopher Lowry's ("Plaintiff") Complaint. (ECF No. 4). Having considered all pleadings and for the reasons discussed below, the Court grants the motion.

**I. Background**

In a putative class action complaint, Plaintiff alleges that Defendant's providing of online legal services to Ohio citizens constitutes the unauthorized practice of law. ECF No. 1 at ¶ 25. Specifically, Plaintiff contends that Defendant's actions violate Ohio Revised Code § 4705 and the Ohio Consumer Sales Practice Act, O.R.C. § 1345.02. ECF No. 1 at ¶28, 39, 40, 41.

Defendant provides "a variety of legal services, customized to a particular customer's needs, including but not limited to the drafting and provision of wills, trusts, powers of attorney, real estate deeds, deeds of trust, contracts, business-entity formation documents, intellectual property filings, divorce pleadings, and other documents affecting secular rights." ECF No. 1 at ¶ 8. Defendant provides these services through a "3 Step Process." ECF No.1 at ¶ 10. First,

(4:11CV02259)

customers complete a questionnaire. ECF No.1 at ¶ 10. Next, LegalZoom document assistants review the answers to the questionnaires for spelling, grammar, and consistency before printing the document "on archival paper." ECF No. 1 at ¶ 10. Finally, Defendant mails the final product to their customers. ECF No. 1 at ¶ 10. In 2011, Plaintiff used Defendant's services to obtain a will. ECF No. 1 at ¶ 13, 14. After questioning a component of the will, Plaintiff became concerned that Defendant was engaged in the unauthorized practice of law. This lawsuit followed.

## II. Discussion

### A. Motion to Dismiss Standard

Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction is premised on the fact that the Supreme Court of Ohio has not made a finding that Defendant has ever engaged in the unauthorized practice of law. ECF No. 4 at 1.

Rule 12(b)(1) permits facial or factual attacks on a complaint or claim. *See Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990) (explaining that facial attacks on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading; whereas, factual attacks present facts which give rise to a factual controversy). In a facial challenge, such as this one, the defendant contests the sufficiency of the language in the pleading. *O'Bryan v. Holy See*, 556 F.3d 361, 375-76 (6th Cir. 2009). When reviewing a facial attack, a district court takes the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *See generally Ohio Nat'l Life Ins. Co.* 922 F.2d at 325. If the allegations establish a federal claim, subject matter jurisdiction exists.

(4:11CV02259)

However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). O'Bryan v. Holy See, 556 F.3d 361, 375-76 (6th Cir. 2009).

### B. Unauthorized Practice of Law in Ohio

It is undisputed and unambiguous that Ohio Revised Code § 4705.07(A)(3) provides that"[n]o person who is not licensed to practice law in this state shall ... commit any act that is prohibited by the supreme court as being the unauthorized practice of law." R.C. § 4705.07; ECF No.1 at ¶ 28. However, "only the supreme court may make a determination that any person has committed the unauthorized practice of law in violation of [R.C. § 4705.07(A)(3)]." RC. § 4705.07(B)(2) (emphasis added). Once the Supreme Court of Ohio has exercised its exclusive jurisdiction to determine that a specific party has engaged in the unauthorized practice of law, an aggrieved person may seek damages in a civil action against that specific party arising from such conduct. RC. § 4705.07(C)(2) provides:

> Any person who is damaged by another person who commits a violation of division (A)(3) of this section may commence a civil action to recover actual damages from the person who commits the violation, upon a finding by the supreme court that the other person has committed an act that is prohibited by the supreme court as being the unauthorized practice of law in violation of that division. The court in which that action for damages is commenced is bound by the determination of the supreme court regarding the unauthorized practice of law and shall not make any additional determinations regarding the unauthorized practice of law.

RC. § 4705.07 *(C)(2)* (emphasis added); see also ECF No. 1 at ¶ 29. The statute is clear. No court has subject matter jurisdiction over a claim brought pursuant to RC. § 4705.07(C)(2) against a person unless the Supreme Court of Ohio has first made a finding that the very person

3

(4:11CV02259)

in question has engaged in the unauthorized practice of law.

While the language of the statute is clear and unambiguous, the Supreme Court of Ohio has itself also ruled that a plaintiff may not pursue a claim under RC. § 4705.07(C)(2) against a defendant unless the Supreme Court of Ohio has first made a finding that the defendant has engaged in the unauthorized practice of law. In *Greenspan*, the Supreme Court of Ohio considered and rejected the argument that a cause of action for the unauthorized practice of law existed prior to the enactment of RC. § 4705.07(C)(2). *Greenspan v. Third Federal Savings & Loan Association,* 912 N.E.2d 567, 570 (Ohio 2009). In reaching its conclusion, the Supreme Court of Ohio emphasized that it "has exclusive jurisdiction over the practice of law in Ohio, including the unauthorized practice of law." Id. At 572. (emphasis added). The Supreme Court of Ohio continued:

> [Plaintiff] argues that because trial courts have 'original jurisdiction in all civil cases' pursuant to RC. 2305.01, they must have jurisdiction over civil actions arising from claims related to the unauthorized practice of law . We are not persuaded by that argument. A common-law claim for the unauthorized practice of law would require trial courts to make determinations explicitly reserved for this court.
>
> Our holding is consistent with the legislature's 2004 amendment to RC. 4705.07. In enacting a statutory cause of action for the unauthorized practice of law, the General Assembly avoided invading this court's exclusive jurisdiction over the practice of law by creating a statutory scheme under which a claimant may commence a civil action for the unauthorized practice of law only 'upon' finding by the supreme court that the other person has committed an act that is prohibited by the supreme court as being the unauthorized practice of law.' RC. 4705.07(C)(2). Moreover, the statute provides that '[t]he court in which the action for damages is commenced is bound by the determination of the supreme court regarding the unauthorized practice of law and shall not make any additional determinations regarding the unauthorized practice of law.' Id. Thus, although trial courts will preside over actions brought pursuant to RC. 4705.07(C)(2), all determinations regarding the unauthorized practice of law remain within

(4:11CV02259)

> this court's exclusive jurisdiction.

*Greenspan,* 122 Ohio St.3d at 461, at ¶¶ 17-19 (emphasis added). The Supreme Court of Ohio made consistent rulings in other factually similar cases. *See eg. Sarum Management, Inc. V. The Alex N. Sill Co.*, 2006 WL 3078463 (Ohio App. 9 Dist. Nov. 1, 2006) (R.C. § 4705.07(C)(2) "requires a finding by the Supreme Court that the unauthorized practice of law occurred, *prior* to commencement of a civil action based on that finding.") (emphasis added).

Not only must the Supreme Court of Ohio first find that there has been the unauthorized practice of law, but that determination must have been made regarding the same defendant charged in the lawsuit at issue. The Supreme Court of Ohio spoke to this issue in *Columbus Bar Association v. American Family Prepaid Legal Corporation*, 916 N.E.2d 784, 797 (Ohio 2009). In that case, the Ohio State Bar Association, an *amicus curiae* party, pressed the court to adopt a rule that would permit a plaintiff to bring an action against a defendant under R.C. § 4705.07(C)(2) simply because the defendant had allegedly engaged in conduct similar to another party previously found by the Supreme Court of Ohio to have engaged in the unauthorized practice of law. However, the Supreme Court of Ohio rejected that proposition and reaffirmed that the law requires the Supreme Court of Ohio to have already made a finding that a particular person has engaged in the unauthorized practice of law before that person or entity can be sued under § 4705.07(C)(2).

5

(4:11CV02259)

Plaintiff concedes this point but, nevertheless, encourages the Court to press on.[1] The Court declines the opportunity as finds itself without jurisdiction to adjudicate the claims before it. In *Sarum*, the Supreme Court of Ohio proclaimed R.C. 4705.07(C)(2) "allows a person who is damaged by another in violation of R.C. § 4705.07(A)(3) to commence a civil action to recover actual damages from the violator, upon a finding by the supreme court that the violator actually committed an act that is prohibited by the supreme court as being the unauthorized practice of law" *Sarum.*, 2006 OH WL 3078463 at *6

Based upon the Court's research and the thorough briefing provided by the parties, the law has not changed. And, the Supreme Court of Ohio has not found that Legalzoom has engaged in the unauthorized practice of law.

### C. Applicability of the Arbitration Clause

In the alternative to dismissal, Defendant maintains that if the Court does find subject matter jurisdiction: (1) Plaintiff is prohibited from seeking class relief and (2) the matter should be resolved *via* arbitration in accordance with language in Legalzoom's Terms of Use and Terms of Service. ECF No. 12-1, Exhibits A and C. The Court finds it unnecessary to address theses issues, having found that it lacks jurisdiction over the claims presented.

---

[1] Plaintiff concedes that a 2008 Advisory Opinion of the Supreme Court's Board on the Unauthorized Practice of Law in the State of Ohio is "admittedly an informal and nonbinding opinion." *See* ECF No. 1 at ¶ 35. The Board's opinion contains the following disclaimer: "Advisory opinions of the Board on the Unauthorized Practice of Law are informal and nonbinding pursuant to Gov. Bar R. VII (2) in response to prospective or hypothetical questions submitted by unauthorized practice of law committees of local or state bar associations and the Office of Disciplinary Counsel." *See* Advisory Opinion UPL 2008-03, issued on December 12, 2008, available at
http://www.sconct.state.ohio.us/Boards/UPLladvisory opinions/UPLAdvOp 08 03.pdf

(4:11CV02259)

### III. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss (ECF. 4) is hereby granted.

IT IS SO ORDERED.

| | |
|---|---|
| July 19, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |